USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/2024

# DICELLO LEVITT

485 LEXINGTON AVENUE   SUITE 1001   NEW YORK, NEW YORK 10017

GREG G. GUTZLER
GGUTZLER@DICELLOLEVITT.COM
646.933.1000

December 29, 2023

**VIA ECF**
The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007

>    **Re:**   *Star Colbert et al v. Dougan et al.*, **23 Civ. 7297 (CM)(SLC)**
>    *Schur v. Dougan, et al.*, **23 Civ. 10944 (CM)(SLC)**
>    *Hohimer Wealth Mgmt. v. Dougan, et al.*, **23 Civ. 11138 (CM)(SLC)**

Dear Judge McMahon:

    We represent the plaintiffs in *Star Colbert v. Dougan*, 23 Civ. 7297 (CM), which is brought on behalf of holders of Credit Suisse's AT1 bonds. We also represent the plaintiffs in *Schur v. Dougan, et al.*, 23 Civ. 10944 (CM), and *Hohimer Wealth Management LLC*, 23 Civ. 11138 (CM), both of which assert the same claim against the same defendants based on the same events. The plaintiff in *Schur* is a U.S. citizen residing in Florida. The plaintiff in *Hohimer Wealth Management* is a U.S.-based asset manager headquartered in Seattle. We write respectfully to respond to Defendants' letter in opposition [ECF No. 58] to Plaintiffs' request for leave to file a consolidated amended complaint and Plaintiffs' motion to dismiss sur-reply in *Star Colbert*.

### Plaintiffs' Letter Motion to Consolidate

    Plaintiffs' motion to consolidate should be granted because consolidated briefing would best serve the interests of judicial economy and efficiency.

    While the *Schur* action alleges breaches of the same statutory duty by the same defendants against the same class of AT1 bondholders, it differs from *Star Colbert* in the citizenship and location of the named plaintiff. Specifically, Mr. Schur is a U.S. citizen and a Florida resident. Similarly, the plaintiff in the *Hohimer* action is an institutional investor formed and headquartered in the State of Washington.

BIRMINGHAM · CHICAGO · CLEVELAND · NEW YORK · SAN DIEGO · WASHINGTON DC · **DICELLOLEVITT.COM**

*[Handwritten annotations in margins:]*

1/2/2024 I will consolidate *Schur* for discovery purposes. I intend nothing — deciding the pending *Star* stay. + *Hohimer* raise different issues + *Schur* raise different issues. It warrant a new motion. I am not authorizing the filing of a second amended complaint (which cannot be right).

In the moment *Hohimer* + *Schur* are STAYED.

If *Star Colbert* and *Hohimer* + *Schur* raise any different issue, will decide only it tho.

This is significant because Defendants' *forum non conveniens* motion is based in significant part on the fact that the *Star Colbert* plaintiffs are not based in the U.S. *See* ECF No. 57 at 2 (quoting Defendants' motion to dismiss reply brief). Under the three-step *forum non conveniens* framework, Defendants bear "the burden to establish clearly each factor ... and to demonstrate that the balance tilts strongly in favor of the purported alternative forum." *Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide. Inc.*, 448 F. Supp. 2d 520, 525 (S.D.N.Y. 2006). The "balancing" should be conducted in light of all relevant factors. including the fact that U.S.-based plaintiffs are now in the mix.

Further, as the Second Circuit recently reiterated, the choice of forum of U.S.-based plaintiffs is entitled to a higher degree of deference than foreign plaintiffs. *See Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 145-46 (2d Cir. 2022) (vacating *forum non conveniens* dismissal because "district court . . . exceeded its discretion in summarily deciding not to give deference to [U.S. resident] Plaintiffs' choice of forum"). Given the significant weight owed to Mr. Schur's and the Hohimer firm's choice of forum, it would be inefficient and undermine judicial economy for this Court to decide the pending motion to dismiss in Star Colbert and then to have to revisit the issue in *Schur* and *Hohimer*.

In their opposition, Defendants wholly ignore both arguments they advanced in the *Star Colbert* motion to dismiss and controlling Second Circuit law. Instead, they resort to baldly dismissing Plaintiffs' arguments about the efficiency and judicial economy benefits of consolidated briefing. *See* ECF No. 58 at 2-3 (asserting without analysis that consolidated briefing "makes no sense" and "would be inefficient"). Such an *ipse dixit* claim cannot suffice to overcome Plaintiffs' well-supported analysis. Accordingly, Plaintiffs respectfully submit that the Court should grant leave for filing a consolidated amended complaint and then consolidated briefing.

## Plaintiffs' Sur-Reply Motion

The *Star Colbert* Plaintiffs sought leave to file their sur-reply because Defendants' Swiss law expert Grolimund offered *new. different and in some regards contradictory* opinions in his Supplemental (Reply) Declaration. The Supplemental Declaration of Plaintiffs' experts succinctly describes the differences between Grolimund's Initial and Supplemental Declarations and sets out in detail why the differences are material and the new opinions are wrong.

Defendants respond by denying that Grolimund changed anything; they claim the proposed sur-reply is "based on a "false premise" and say that "he did not" change anything. But that is all they say. They simply do not engage on the specific points made in Plaintiffs' experts' Supplemental Declaration, let alone refute them.

Rather than repeating the same points here, we urge the Court to review the Schnyder/Hauenstein Supplemental Declaration to determine if Grolimund in fact offered new and different opinions concerning (1) the requirement that a creditor suing under Art. 754 para. 1 CO have suffered "*direct*" losses or damage, (2) whether Swiss company law

embodies the necessary "*protective norms*" that must underpin a direct creditor claim under Art. 754 para. 1 CO, and (3) whether a creditor who pleads and proves both "direct" damage and an applicable "protective norm" must *also* meet an *additional* requirement that the breach of duty must be shown to have been "directed against" him.

One last point regarding Swiss law: the mere fact that a paid expert tries to create the appearance that Swiss law is overly complex or unsettled does not mean it is. Experts often disagree on issues of foreign law. The Court is well able to sort out the foreign law issues here.

Respectfully,

Greg G. Gutzler

cc:   Jason M. Hall, Esq. (via ECF)
      Cahill Gordon & Reindel LLP